UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,                                        CASE NO: 8:14-CV-03136-EAK-MAP

vs.

TRACY COENEN and
SEQUENCE, INC.,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Roca Labs, Inc ("ROCA LABS"), by the undersigned counsel, hereby moves the Court to Remand this case to the Circuit Court of Hillsborough County, Florida from which it was removed. The grounds supporting this motion are set forth in the Memorandum of Law that follows below.

**LOCAL RULE CERTIFICATION**

The undersigned counsel consulted with opposing counsel pursuant to Local Rule 3.01(g). Counsel for Tracy Coenen and Sequence, Inc., Mr. Luke Lirot, Esq., opposes the relief requested.

**MEMORANDUM OF LAW**

**I. Background**

This action was filed in the Circuit Court of Hillsborough County, Florida on or about November 17, 2014 (Doc.1) In the Complaint, ROCA LABS did not demand a specific amount of damages. Instead, Plaintiff simply alleged that the state court's jurisdictional minimum of $15,000.00

1

had been met (Doc. 2).

On or about December 17, 2014, Defendants removed the case to this Court predicating their Notice of Removal on the presumption of complete diversity of citizenship and damages exceeding $75,000.00 (Doc. 1). The original Complaint pled separate claims for Defamation *Per Se* against the two Defendants seeking the recovery of damages incurred by Plaintiff as a result of actions Defendants perpetrated. (Doc. 2).

### II. This Court Lacks Jurisdiction

#### A) Defendants Notice of Removal is Defective

The instant action originates in Hillsborough County, Florida, which sits within the Jurisdictional bounds of the U.S. District Court for the Middle District of Florida-Tampa Division (Doc. 2). Despite filing their Notice of Removal in the U.S. District Court for the Middle District of Florida-Tampa Division, Defendants request removal in this case to the *U.S. District Court for the Southern District of Florida-Fort Lauderdale Division* (Doc. 1). That fact alone renders Defendants' Notice of Removal defective, and this Court should summarily (a) dismiss the Notice of Removal and (b) grant this Motion to Remand. *See* 28 U.S.C. §1446(a).

#### B) Defendants Have Not Met Their Burden

Defendants incorrectly argue that they are entitled to removal of this state court action to the U.S. District Court for the Middle District of Florida (or the Southern District for that matter) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a). This Court has original jurisdiction only if this action involves an amount in controversy that exceeds $75,000.00, exclusive of interest and costs, and the parties involved are diverse. 28 U.S.C. §1332(a). Here, Defendants have failed to establish that the amount in controversy exceeds $75,000.00.

Plaintiff concedes that the parties are diverse with respect to citizenship, and concurs that the questions of law can be ferreted out by either a federal or state Court. However, the Defendants have

completely failed to satisfy or otherwise prove that the requisite amount in controversy is greater than $75,000.00. Because Defendants' Notice of Removal failed to establish the requisite amount in controversy pursuant to 28 U.S.C. §1332, the subject action should be remanded back to its originating Court, State Circuit Court, in and for Hillsborough County, Florida.

Unlike state courts, lower federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co.*, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

It has long been established that, for diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000.00. *See* U.S. CONST. Art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*; *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In the removal context, where damages are unspecified in the plaintiff's complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)) *see also Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281, at n. 5 (11th Cir. 2001).

If Defendants do not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, there is no federal jurisdiction and the District Court should remand the case to the state court from whence it came. *See* 28 U.S.C. § 1447(c). Here, Defendants have not provided this Court with any specific, sufficient evidentiary support that the amount in controversy exceeds $75,000.00.

When it is not facially apparent from the allegations of the complaint that the amount in controversy jurisdictional requirement is met, the Court may consider facts in the removal petition and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Williams*, 269 F.3d at 1319. The Defendants must, however, offer more than bare, conclusory allegations that the amount in controversy exceeds $75,000.00. *Id*.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), *reh'd denied*, 2008 WL 41327 (11th Cir. 2008) the Eleventh Circuit stated, "[t]racking § 1446(b), we note that the defendants' notice of removal contained no document clearly indicating that the aggregate value of the plaintiffs' claims exceeds [the jurisdictional] amount and, as such, they are unable to establish federal jurisdiction by a preponderance of the evidence." *Id*. at 1221. In light of the preponderance of the evidence standard and the recent *Lowery* decision, it is critical that the removing party provide sufficient evidence in his notice of removal to allow the court to conclude that the jurisdictional amount in controversy is satisfied where the complaint is silent on that issue. *Id*.

Defendants provide no admissible evidence to establish that the amount in controversy exceeds $75,000.00. Rather, Defendants attempt to meet their burden by referring to a partial blog article providing commentary on a separate Lawsuit. Nothing in that blog article discusses a specific quote by any representative of the Plaintiff.

//

//

### III. Conclusion

In addition to filing a defective pleading, nothing in Defendants' Notice of Removal establishes, even by a preponderance of the evidence, that the jurisdictional amount in controversy of the instant matter exceeds $75,000.00. Accordingly, this matter should be remanded back to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)(stating that a federal district court must remand to state court any case that was removed improperly or without necessary jurisdiction).

Respectfully Submitted this 18th day of December, 2014.

/s/ *John DeGirolamo*
JOHNNY G. DEGIROLAMO, ESQ.
FLORIDA BAR NO: 0089792
*The Law Offices of John DeGirolamo, Esq.*
6000 South Florida Avenue
P.O. Box 7122, Lakeland, FL 33807
*Attorney for Plaintiff, Roca Labs, Inc.*
Phone: (863) 603-3461
Pr. Email: JohnD@inlawwetrust.com
Sc. Email: Legal4@RocaLabs.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF PACER system which will send a notice of electronic filing to the following: Luke Lirot, Esq. (E-mail: luke2@lirotlaw.com, Krista@lifotlaw.com, and Jimmy@lirotlaw.com), Luke Lirot, P.A., 2240 Belleair Rd., Clearwater, FL 33764.

/s/ *John DeGirolamo*
JOHNNY G. DEGIROLAMO, ESQ.