**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROCA LABS, INC.,**

      **Plaintiff,**

                                       **Case No. 8:14-cv-3136**

**vs.**

**SEQUENCE, INC. and**
**TRACY COENEN,**

      **Defendants.**

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

      NOW COME Defendants SEQUENCE, INC., and TRACY COENEN, by their attorneys, and for their response to Plaintiff's Motion to Remand this case to the State Court, represent unto the Court as follows:

### I. FACTS

      Plaintiff filed suit against Defendants in the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida. That Complaint made the following allegations. Plaintiff, Roca Labs, is a Florida corporation with its principal place of business in Sarasota, FL. (Doc. #2 - Complaint, ¶2). Defendant Sequence, Inc., is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. (Doc. #2 - Complaint, ¶3). Defendant Tracy Coenen is an individual residing in Wisconsin. (Doc. #2 - Complaint, ¶4)

      Roca Labs manufactures food additives which markets to the public as a weight loss option "as a surgery-free alternative to gastric bypass." (Doc. #2 - Complaint, ¶ ¶ 10-12). Plaintiff claims to have "made significant investments in product development and in its intellectual property rights." It also "invests heavily in online marketing and advertising program:

(Doc. #2 - Complaint, ¶¶ 12-13).

Coenen is the author of a blog, published by Sequence, which discusses fraud. (Doc. #2 - Complaint, ¶¶ 20-22). On September 22, 2014, Defendants published an article on the blog concerning Plaintiff entitled "Roca Labs Weigh Loss Scam." (Doc. #2 - Complaint, ¶25). Plaintiff alleges that the article accused it of various fraudulent activities. (Doc. #2 - Complaint, ¶25ff)

Based upon that article, Plaintiff alleges that each Defendant is guilty of Defamation *per se.* (Doc. #2 - Complaint, Counts I and II) As a result of the alleged defamation by Defendants, Plaintiff alleges it has suffered damages, which "include, but are not limited to, the failure of ROCA to sell its product to identifiable potential customers significant losses in revenues from other potential customers, as well as harm to its reputation . . ." (Doc. #2 - Complaint, ¶ ¶46, 58) Plaintiff requests injunctive relief, as well as damages against both defendants in "an amount fair and just to account for its money damages, interest, reasonable attorney's fees and costs incurred . . ." While Roca does not quantify the amount of damages it is requesting from Defendants in this case, it has filed suit against others, some of which are pending in this District, for similar conduct in which it is more explicit in alleging the damages it claims to have suffered by defamatory conduct remarkably similar to that in which these Defendants are alleged to have engaged.

In *Roca Labs, Inc. V. Consumer Opinion Corp., et al.,* 8:14-cv-2096 (US District Court, Middle District of Florida, Tampa Division) Plaintiff alleges defendants in that case have been guilty of defamation, as well as other torts. Roca claims that Defendants there have defamed it by stating that its products do not work. (Roca Complaint, Doc. #2 - ¶ ¶88) As a result of those

claimed defamatory statements, Roca alleges that it is entitled to injunctive relief, as well as "an amount fair and just to account for its money damages, in excess of one million dollars "$1,000,000), interest, reasonable attorneys' fees and costs . . . (Roca Complaint, Doc. #2 - Counts VII, VIII, IX, X and X).

Defendants removed this case to this Court. Almost immediately after receiving notice of such removal, Plaintiff filed its Motion to Remand. In that Motion, Plaintiff admits that complete diversity of citizenship exists between the parties. The only basis for Plaintiff's Motion to Remand this case to the State Circuit Court is that Defendants have not submitted proof that Plaintiff's claim exceeds the value of $75,000.00. These arguments are disposed of below.

## II. ARGUMENT

A.   The Notice of Removal is not Substantially Defective.

Plaintiff claims that the Notice of Removal is defective because in one paragraph of the Petition for Removal, Defendants mention the District Court for the Southern District of Florida. That statement is obviously erroneous. The Notice of Removal was filed with this Court, the Middle District of Florida, Tampa Division. Obviously, this is the Court to which Defendants have removed this case. An error in one of the statements, referring to the Southern District, rather than the district in which the Notice of Removal was filed is neither jurisdictional, nor of any substantial moment. At most, it was a scrivener's error in drafting the Notice. Plaintiff cites no authority for its claim that this slight mis-statement should somehow defeat the removal of this case to this Court, which Plaintiff concedes is the proper venue. If any correction is required, Defendants hereby move for leave to correct the erroneous statement in the Notice of Removal.

B.   Plaintiff Has Not Contested Defendants' Allegations of Jurisdiction

Federal law has long provided that a Defendant who is a citizen of a different state than the Plaintiff has a right to remove a suit filed in the State Court where the Plaintiff resides, and has an absolute right to remove the case to the federal courts when the amount in controversy exceeds the floor established by Congress. Thus, if the amount in controversy in this case exceeds $75,000, Defendants have the absolute right to remove this case to this Court. Plaintiff may not defeat that right by chicanery or refusal to be forthright with this Court regarding the amount in controversy.

The only basis upon which Plaintiff rests its Motion to Remand to the Circuit Court is the statement that, "Defendants have completely failed to satisfy or otherwise prove that the requisite amount in controversy is greater than $75,000." (Doc. #3 - Motion to Remand, pp. 2-3) That basis is contrary to law in several respects. Indeed, most of the authority cited by Plaintiff is either irrelevant, outdated, or does not support Plaintiff's motion.

We start with the language of the statute itself, 28 U.S.C. §1446(c)(2), which specifically allows the Defendant to assert the amount in controversy where the Complaint itself fails to set forth a specific sum. The amount in controversy for jurisdictional purposes, "is the value of the object of the litigation." *Occidental Chemical Corp. v. Bullard,* 995 F. 2d 1046, 1047 (11th Cir. 1993).   "Jurisdiction is to be tested by the value of the object or right to be protected against interference." *McNutt v General Motors Acceptance Corp.*, 298 U.S. 178, 181, 56 S.Ct. 780, 80 L. Ed 1135 (1936*). The Supreme Court, in *McNutt,* established that the party propounding jurisdiction in the court has the burden "of showing that he is properly in court." Contrary to Plaintiff's position here, the Supreme Court did not impose on the removing Defendant the

4

burden of presenting evidence in the Removal Petition. Rather, the Court decreed that, "If [defendant's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." Id at p., 178.

The Supreme Court has recently made it absolutely clear that a Plaintiff may not prevent the removal of a case to the federal courts by merely asserting that the removing defendant has not made enough allegations in the Removal Petition. That position was resoundingly rejected by the Supreme Court recently in *Dart Cherokee Basin Operating Co., LLC v. Owens,* ___ U.S. ___ (December 15, 2014). The Court observed that the requirement of 28 U.S.C. §1446(a) that a Petition for Removal contain only a "short and plain statement of the grounds for removal" tracks the general requirement in Rule 8(a), Federal Rules of civil Procedure. The Courts are to apply the same liberal rules to removal petitions that they apply to pleadings themselves. *Id.,* slip opinion at p. 4.

Under Rule 8, the amount in controversy allegation of a Plaintiff filing suit in federal court is accepted on its face if made in good faith. "Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the Court." *Id.,* slip opinion at p. 5. The Court definitely stated: "In sum, as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.   Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.,* slip opinion, p. 7.

The Supreme Court's decision in *Dart Cherokee Basin Operating Co.,* squarely rejects the position asserted by Plaintiff. It cannot defeat removal of the case to this Court by merely

asserting that Defendants have not submitted enough "evidence" in their removal petition. If Plaintiff wishes to convince this Court that this action must be remanded to the State Court, it must squarely contest Defendants' allegations of the jurisdictional amount in the Removal Petition. It has failed to do so in its Motion to Remand.

C.   There is Abundant Evidence that the Value of this Suit Exceeds $75,000

We would be justified in ending our argument against Plaintiff's Motion to Remand with a reference to the Supreme Court's holding in *Dart Cherokee Basin Operating Co.,* which, in itself, is enough to defeat that motion. However, there is more than enough information contained in the files of this Court to demonstrate that Plaintiff cannot truthfully contest Defendants' allegations of jurisdictional amount.

The process by which any disputes regarding the jurisdictional amount of a case sought to be removed to the federal court was discussed at length by the Court of Appeals in *Roe v Michelin North America, Inc.,* 613 F. 3d 1058 (11th Cir. 2010). The Court there counseled against rewarding plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished the Courts to be vigilant. Plaintiffs cannot be allowed to "defeat federal jurisdiction by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." 613 F.3d at 1064. "Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." 613 F.3d at 1062. The Court admonished: "Thus, when a district court can determine, relying on its judicial experience and common sense, that a claim satisfied the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim

is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." 613 F.3d at 1064. The amount in controversy is not proof of what a Plaintiff will recover, but "an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v Kolter city Plaza II, Inc.,* 608 F. 3d 744, 756 (11th Cir. 2010).

The Court need not look far to determine what Plaintiff is likely to put at issue in the litigation regarding the damages it seeks. As we have set forth in the statement of facts, Plaintiff has filed suit against Consumer Opinion Corp. In that case, Plaintiff asserts defendants' statements that its products do not work are defamatory, and entitle it to recover in excess of a million dollars. Such judicial admissions are allowable to demonstrate the value of the amount in controversy. *Pretka, id.,* 608 F.3d at 765.

Here, Plaintiff accuses Defendants of charging it with fraudulent conduct. Can Plaintiff tell this Court with a straight face that it will seek less than $75,000 for such language, when a mere accusation of selling a product which does not work is worth over a million dollars?

Merely examining the elements of a cause of action for defamation will demonstrate that Plaintiff is certain to claim damages in excess of $75,000. Among the elements which must be considered in evaluating the value of a suit such as this are the punitive damages which Plaintiff has claimed. *Lowery v Alabama Power Co.,* 483 F. 3d 1184, 1208 (11th Cir. 2007).

"The singular protection afforded by Florida law to personal reputation in actions for defamations per se is further seen by the fact that punitive damages may be the primary relief in a cause of action for defamation *per se*. . . . "But when the claim is defamation *per se*, liability itself creates a conclusive legal presumption of loss or damage and is alone sufficient for the jury to consider punitive damages." No special damages are required to support an award of punitive

damages. *Lawnwood Medical Center, Inc. v. Sadow,* 43 So. 3d 710, 728 (Fla. App. 2010)

Finally, if this Court believes that a more extensive record is required to evaluate the amount Plaintiff can reasonably be thought to be seeking, the parties should be allowed the opportunity to fully develop evidence regarding the issue. If Plaintiff actually has the temerity to tell this Court that the value of its claim against these defendants is less than $75,000, both sides should be given an opportunity to present evidence on that issue. *Leonard v Enterprise Rent A Car.,* 279 F. 3d 967, 972 (11th Cir. 2002).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand must be denied. In the alternative, Plaintiff must be required to file an appropriate statement demonstrating that it contests in good faith Plaintiff's assertion that the value of the claim in controversy herein is worth less than $75,000. Should Plaintiff make such an attempt, Defendants should then be given a further opportunity to present further evidence regarding the value of this suit.

Respectfully Submitted,

/s/Luke Lirot_____
Luke Lirot, Esq.
Florida Bar Number 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Attorney for the Defendants*
luke2@lirotlaw.com    (primary e-mail)
ryan@lirotlaw.com    (secondary e-mail)
jimmy@lirotlaw.com (secondary e-mail)

and

8

Wayne B. Giampietro, Esq.
Poltrock & Giampietro
123 W. Madison St., Suite 1300
Chicago, IL. 60602
Phone: (312) 236 0606
Fax:     (312) 236 9264
Email: wgiampietro@wpglawyers.com
Illinois Bar No. 0947776
*Attorney for Defendants*
*Pending Admission Pro Hac Vice*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2015, I personally filed the foregoing with the Clerk of the Court and sent a copy of this notice to Johnny G. DeGirolamo, Esq., 6000 S. Florida Avenue, P.O. Box 7122, Lakeland, Florida, 33807-7122 at johnd@inlawwetrust.com and Legal4@RocaLabs.com.


/s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836