## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROCA LABS, INC.,**

    **Plaintiff,**

                                                                 Case No. 8:14-cv-3136

**vs.**

**SEQUENCE, INC. and**
**TRACY COENEN,**

    **Defendants.**

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

    NOW COME Defendants, SEQUENCE, INC. and TRACY COENEN, and, by and through the undersigned counsel, hereby files their Answer and Affirmative Defenses to the Complaint herein, answer as follows:

1. This is an action for the common law claim of Defamation and Defamation Per Se, and seeks an award of damages, including actual damages, punitive damages and reasonable attorneys' fees and costs all stemming from conduct that occurred in Florida.

ANSWER: Defendants admit that Plaintiff claims to have been defamed and seeks an award of damages, but deny that either of them have defamed Plaintiff and deny that Plaintiff is entitled to damages of any kind from them.

2. Plaintiff ROCA is a Florida corporation with its principal place of business at 7261A Tamiami Trail S, Sarasota, FL 34231.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 2 and therefore neither admit nor

deny those allegations.

3. SEQUENCE is a Wisconsin corporation with its principal place of business at 310 East Buffalo St, Milwaukee, WI 53202.

ANSWER: Defendants admit the allegations of paragraph 3

4. COENEN is an individual residing in Wisconsin.

ANSWER: Defendants admit the allegations of paragraph 4

5. Pursuant to Florida Statutes Section 48.193(2), Defendants STC are subject to personal jurisdiction in Florida because they committed a tortious acts within the State of Florida.

ANSWER: Defendants deny the allegations of paragraph 5.

6. Pursuant to Florida Statutes Section 48.193(6), Defendants STC are subject to personal jurisdiction in Florida because they caused injury within the State of Florida.

ANSWER: Defendants deny the allegations of paragraph 6.

7. ROCA retained the undersigned counsel and agreed to pay a reasonable fee for its services.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 7, and therefore neither admit nor deny those allegations.

8. All conditions precedent to the filing of this Compliant, if any, have been satisfied, performed or waived.

ANSWER: Defendants deny the allegations of paragraph 8.

## GENERAL ALLEGATIONS

A.  **PLAINTIFF ROCA**

9. ROCA is a Florida for-profit corporation that was formed in 2006 as Appealing Ventures, Inc. It changed its name to Roca Labs, Inc. In 2009.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 9, and therefore neither admit nor deny those allegations.

10. ROCA manufactures food additives (sometimes referred to a nutraceuticals) and is the inventor of the proprietary Gastric Bypass Alternative® that is an effective weight loss option for people who are trying to lose in excess of 50 pounds.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 10, and therefore neither admit nor deny those allegations.

11. ROCA'S products have been purchased and used by thousands of people as a surgery-free alternative to gastric bypass.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 11, and therefore neither admit nor deny those allegations.

12. ROCA made significant investments in product development and in its intellectual property rights.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 12, and therefore neither admit nor

deny those allegations.

13. ROCA invests heavily in an online marketing and advertising program that has run in Florida and across the United States.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 13, and therefore neither admit nor deny those allegations.

14. ROCA markets and sells its products through its website, "www.rocalabs.com," where information on its products is available and consumers can purchase the product directly.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 14, and therefore neither admit nor deny those allegations.

15. ROCA relies upon its reputation, internet reviews, and the weight loss success stories of its customers to generate new business and attract new customers.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 15, and therefore neither admit nor deny those allegations.

16. ROCA relies upon its reputation and the weight loss success of its customers to generate new business and attract new customers.

ANSWER: Defendants have insufficient information upon which to base a belief as to the truth or falsity of the allegations of paragraph 16, and therefore neither admit nor deny those allegations.

17. SEQUENCE is a Wisconsin corporation with its principal place of business at 310 East Buffalo St., Milwaukee, WI 53202. It was initially formed as Tracy L. Coenen, S.C., but changed its name to Sequence, Inc. In 2002.

ANSWER: Defendants admit the allegations of paragraph 17.

18. SEQUENCE is a forensic accounting firm. According to its website http://www.sequenceinc.com/about/its "core competencies include financial investigations related to embezzlement, financial statement fraud, investment fraud, Ponzi schemes, government inquiries and investigations and white collar criminal defense."

ANSWER: Defendants admit that Sequence, Inc. maintains a website located at http://www.sequenceinc.com and that the web site states that its "core competencies include financial investigations related to embezzlement, financial statement fraud, investment fraud, Ponzi schemes, government inquiries and investigations, and white collar criminal defense" but deny the remaining allegations of paragraph 18.

19. Upon information and belief COENEN is the founder and President/Chief Executive/Owner of SEQUENCE According to its website (http://www.sequenceinc.com/about/) "Tracy Coenen performs the vast majority of the work on all engagements" for SEQUENCE.

ANSWER: Defendants admit that Tracy Coenen is the founder and President of Sequence, Inc., and that Sequence's website states "Tracy Coenen performs the vast majority of the work on all engagements" but denies the remaining allegations of paragraph

5

19.

20. STC maintains a blog at http://www.sequenceinc.com/fraudfiles/. The blog is a self-described commentary on fraud and scams.

ANSWER: Defendants deny that Sequence maintains a blog; Defendants admit that Coenen maintains a blog which contains commentary on fraud and scams.

21. The blog is written and maintained by COENEN, who is listed as the author of the blog.

ANSWER: Defendants admit the allegations of paragraph 21.

22. The blog promotes and markets STC and sells books written by COENEN.

ANSWER: Defendants deny the allegations of paragraph 22.

23. The blog is designed to discuss fraud as it pertains to small businesses, large companies, and individual persons. The blog maintains a page on "fraud news," to wit:

http://www.sequenceinc.com/fraudfiles/category/fraud-news-stories/

ANSWER: Defendants deny the characterization of the blog contained in paragraph 23, and refer the Court to the blog itself for its contents

24. STC used the blog to defame ROCA by accusing it of committing fraud and being a "scam" business.

ANSWER: Defendants deny the allegations of paragraph 24.

25. On September 27, 20o14, STC posted a blog entitled ROCA Labs Weight Loss Scam

(http://www.sequenceine.com/fraudfiles/2014/09/roca-labs-weight-loss-scam/)

6

(See Exhibit A attached). This blog article, authored by COENEN, was listed as a "fraud file" and associated ROCA with fraud. STC made numerous defamatory statements about ROCA including:

a. Roca Labs Fraud.
b. Roca Labs scam.
c. Roca Labs Weight Loss Scam.
d. Roca Labs sells a weight loss product that may be viewed as a scam.
e. Basically, you will be eating a jar of goop that might expand and make you feel full-ish. All for the low, low price of $480 or (probably) more. This is not the only snake oil of its kind out there.
f. I am sure there are many people who have not had success, and have wasted a lot of money trying. (They could drink a bunch of water, virtually for free, and probably have better results!)
g. Does that sound like an upstanding company that stands behind its safe and reliable product? Or does that sound like a disreputable company, producing tubs of snake oil (or snake goop, as it were), and which knows that too much truth will hurt its fly-by-night bottom line? Roca Labs is desperately trying to force a cone of silence over each and every customer that discovers that Roca Labs' product is not only a specious remedy for their weight issues, but a potential cause of additional health problems. Plaintiff, desperate to sell as many of its tubs of goop to the public as it can before regulatory agencies come knocking does its best to bully its former customers into silence.
h. The Roca Labs home page lists seven surgeries that it says it is an alternative to .. Except that can't possibly be true. The Roca Labs product is goop that you ingest to make you feel full (supposedly). It can't possibly be an alternative to a tummy tuck (which removes fat and skin) or liposuction (which removes excess fat). The Roca Labs product doesn't remove anything from your body, so it is clear that the home page (the first point of contact for many) is already dishonest.

Collectively, the foregoing will be referred to as the Defamatory Statements."

ANSWER: Defendants admit that on September 24, 2014, Coenen posted a blog entitled *Roca Weight Loss Scam* on the web site, but deny the characterizations of the article and refer the Court to the web site and article itself for their contents. Defendants specifically deny that any of the statements contained in that article

7

are defamatory.

26. STC added what are called "meta-tags" in order to disseminate the article in search engines and for readers to more easily find when searching for Roca Labs. Some of the more prominent meta-tags are listed below, but STC made sure to include both "Roca Labs Fraud" and "Roca Labs Scam" as meta-tags for purposes of dissemination.

ANSWER; Defendants admit that meta tags were attached to the article, but deny the remaining allegations of paragraph 26.

27. The meta tags were created by STC to gain further exposure for their services and books. The tags are prominently displayed on the STC's website, and can be used to find blog posts by STC about ROCA.

Posted in: Consumer Protection    Tagged gastric bypass no surgery marc randazza    randazza law    randazza legal group    roca labs roca labs fraud    roca labs scam

ANSWER: Defendants admit that meta tags exist on the web site, but deny the remaining allegations of paragraph 27.

28. STC further used social media to promote the idea that ROCA is a scam and has committed fraud:

Tracy Coenen @sequenceinc    Sep 22

Roca Labs Weight Loss Scam: Roca Labs sells a weight loss product that may be viewed as a scam by ... bit/ly/1siJZ9c #fraud files

ANSWER: Defendants admit that the headline contained in Paragraph 28 appeared on the web site, but deny the remaining allegations of paragraph 28.

8

29. As illustrated above Defendants tweeted from the Twitter user id@Sequenceinc that Roca Labs was a "Scam" and were "#fraudfiles". COENEN associated her name and likeness with the Tweet. This was done for Defendant's financial gain and to the harm of ROCA.

ANSWER: Defendants deny the allegations of paragraph 29.

30. Defendants promoted the blog on multiple websites and associated ROCA with fraud for their own financial gain and with total disregard for the truth.

ANSWER: Defendants deny the allegations of paragraph 30.

31. STC promoted the Defamatory Statements and the concept that ROCA is a fraud via social media to maximize exposure for Defendants' own profit.

ANSWER: Defendants deny the allegations of paragraph 31.

32. Fraud is a crime in the State of Florida (See Florida statutes Title XLVI Chps. 775-896) Thus, by labeling ROCA a fraud, STC accused ROCA of committing a crime in the State of Florida.

ANSWER: Defendants deny that paragraph 32 correctly states the criminal law of Florida, and deny the remaining allegations of paragraph 32.

33. Morever, as a licensed CPA and a testifying expert who is certified in financial forensics, COENEN has a respected position and an ordinary individual would likely believe her Defamatory Statements that ROCA is a fraud and scam to be true. This message is further strengthened as it was promoted by SEQUENCE, a forensic investigation firm.

ANSWER:  Defendants deny the conclusory and argumentative allegations of paragraph 33.

34. STC were provided with notice as required by Chapter 770, Florida Statutes. A true and correct copy of the email notice is attached hereto as Exhibit "B."

ANSWER:  Defendants deny that the document attached to the Complaint as "Exhibit B" was a proper notification to Plaintiff as required by Chapter 770, Florida Statute.

35. STC responded to said notice by using it as an opportunity to harass and mock ROCA and by taking the notice and causing it to be published on TechDirt.com (See Exhibit "C").

ANSWER:  Defendants deny that the allegations of Paragraph 35.

36. Upon information and belief, on or about November 12, 2014, SCT removed all Defamatory Statements about ROCA from the blog and their social media sites. STC did not retract their Defamatory Statements or otherwise comment publically concerning the defamatory statements' lack of fact and merit.

ANSWER:  Defendants admit that on or about November 12, 2014, they removed all statements regarding Plaintiff from the blog and web site but deny the remaining allegations of paragraph 36.

37. STC unequivocally acted with intent and malice in making and distributing the Defamatory Statements and is now attempting to conceal the truth and cover-up its bad acts. STC's deliberate actions defamed and caused harm to ROCA and no amount of concealment can hide this truth.

ANSWER:  Defendant denies the allegations of Paragraph 37.

## COUNT I
## DEFAMATION PER SE AGAINST SEQUENCE

ROCA realleges and incorporates the allegations set forth in paragraphs 1-37 as though fully set forth herein and sues Defendant SEQUENCE as follows:

38. It is unequivocal that SEQUENCE made and disseminated the Defamatory Statements.

ANSWER: Defendant denies the allegations of Paragraph 38.

39. SEQUENCE knew when it made the Defamatory Statements that they lacked merit, lacked truth, were unsubstantiated, and were injurious to ROCA.

ANSWER: Defendant denies the allegations of Paragraph 39.

40. SEQUENCE'S Defamatory Statements caused and continue to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet.

ANSWER: Defendant denies the allegations of Paragraph 40.

41. SEQUENCE'S Defamatory Statements were made and disseminated by SEQUENCE to numerous third-parties, with the full knowledge that those third-parties would in fact further disseminate the Defamatory Statements.

ANSWER: Defendant denies the allegations of Paragraph 41.

42. As a direct and proximate result of SEQUENCE'S reckless, wrongful and malicious Defamatory Statements, ROCA has suffered significant loss of reputation as well as business opportunities.

ANSWER: Defendant denies the allegations of Paragraph 42.

43. SEQUENCE further used social media to promote the idea that ROCA is a scam and has committed fraud.

ANSWER: Defendant denies the allegations of Paragraph 43.

44. Indeed, as a forensic accounting firm, SEQUENCE has a respected position and an ordinary individual would likely believe its Defamatory Statements.

ANSWER: Defendant denies the allegations of Paragraph 44.

45. Further, fraud is a crime in the State of Florida. (See Florida statutes Title XLVI Chp. 774-896) Thus, by labeling ROCA a fraud, SEQUENCE accused ROCA of committing a crime in the State of Florida.

ANSWER: Defendant denies the allegations of Paragraph 45.

46. ROCA'S damages include, but are not limited to, the failure of Roca to sell its product to identifiable potential customers' significant losses in revenues from other potential customers, as well as harm to its reputation as SEQUENCE's actions ascribed ROCA ill-repute in the community.

ANSWER: Defendant denies the allegations of Paragraph 46.

47. The Defamatory Statements made by SEQUENCE against ROCA constitute defamation per se under the law.

ANSWER: Defendant denies the allegations of Paragraph 47.

48. Based on the foregoing, SEQUENCE engaged in conduct which was intentional, fraudulent, malicious, oppressive and/or it engaged in conduct with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

ANSWER: Defendant denies the allegations of Paragraph 48.

49. SEQUENCE was provided with notice as required by Chapter 770, Florida statute. A true and correct copy of the email notice is attached hereto as Exhibit 2. As noted above, SEQUENCE immediately uploaded the foregoing Notice onto the Internet.

ANSWER: Defendant denies the allegations of Paragraph 49.

WHEREFORE, Defendant SEQUENCE prays that the within cause dismissed and that it be awarded attorney's fees herein.

## COUNT II
## DEFAMATION PER SE AGAINST COENEN

ROCA realleges and incorporates the allegations set forth in Paragraph 1 through 36 as though fully set forth herein and sues Defendant COENEN as follows:

50. It is unequivocal that COENEN made and disseminated the Defamatory Statements.

ANSWER: Defendant denies the allegations of Paragraph 50.

51. COENEN knew when she made the Defamatory Statements that they lacked merit, lacked truth, were unsubstantiated, and were injurious to ROCA.

ANSWER: Defendant denies the allegations of Paragraph 51.

52. COENEN's Defamatory Statements caused and continue to cause injury, harm and damage to numerous third-parties, with the full knowledge that those third-parties would in fact further disseminate the Defamatory Statements.

ANSWER: Defendant denies the allegations of Paragraph 52.

53. COENEN'S Defamatory Statements were made and disseminated by COENEN to numerous third-parties, with the full knowledge that those third-parties would in fact further disseminate the Defamatory Statements.

ANSWER: Defendant denies the allegations of Paragraph 53.

54. As a direct and proximate result of COENEN's reckless, wrongful and malicious Defamatory Statements, ROCA has suffered significant loss of reputation as well as business opportunities.

ANSWER: Defendant denies the allegations of Paragraph 54.

55. COENEN further used social media to promote the idea that ROCA is a scam and has committed fraud.

ANSWER: Defendant denies the allegations of Paragraph 55.

56. Fraud is a crime in the State of Florida (See Florida Statutes Title XLVI Chps. 775-896). Thus, by labeling ROCA a fraud, STC accused ROCA of committing a crime in the State of Florida.

ANSWER: Defendant denies the allegations of Paragraph 56.

57. Moreover, as a licensed CPA and testifying expert who is certified in financial forensics, COENEN has a respected position and an ordinary individual would likely believe her Defamatory Statements.

ANSWER: Defendant denies the allegations of Paragraph 57.

58. ROCA'S damages include, but are not limited to, the failure of ROCA to sell its product to identifiable potential customers' significant losses in revenues from other potential customers, as well as harm to its reputation as COENEN's actions

ascribed ROCA ill-repute in the community.

ANSWER:     Defendant denies the allegations of Paragraph 58.

59. Based on the foregoing, COENEN engaged in conduct which was intentional, fraudulent, malicious, oppressive and/or she engaged in conduct with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

ANSWER:     Defendant denies the allegations of Paragraph 59.

60. The Defamatory Statements made by COENEN against ROCA constitute defamation per se under the law.

ANSWER:     Defendant denies the allegations of Paragraph 60.

61. COENEN was provided with notice as required by Chapter 770, Florida Statute. A true and correct copy of the email notice is attached hereto as Exhibit 2. As noted above, COENEN immediately uploaded the foregoing Notice onto the Internet.

ANSWER:     Defendant denies that the document attached to the Complaint as "Exhibit 2" was a proper notification to Plaintiff as required by Chapter 770, Florida Statute.

WHEREFORE, Defendants, SEQUENCE, INC., and TRACY COENEN pray that the within caused be dismissed and that they be awarded attorney's fees herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

At the time and place alleged in the Complaint, Defendants were without negligence or other culpable fault on his part whatsoever.

### SECOND AFFIRMATIVE DEFENSE

Any damages claimed by Plaintiff are speculative, not supported by proof, and not compensable as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Defendants engaged in no communication constituting defamation as against Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendants engaged in no communication constituting defamation *per se* as against Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Defendants engaged in any communications that have been published concerning Plaintiff, such communications were truthful. Consequently, the truth of any such communications constitutes an absolute defense and bar to any claims for defamation asserted by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant published no defamatory communications concerning the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Defendants engaged in any communications that have been published concerning Plaintiff, such communications were opinions, which are protected speech under the First Amendment and are not actionable at law.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendants engaged in any communications that have been published concerning Plaintiff, such communications were made in good faith on subject matters in which

Defendants have an interest and were made to persons with a corresponding interest. These statements are subject to a conditional privilege. Consequently, the nature of any such communications constitute an absolute defense and bar any claims for defamation, as asserted by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff is a public figure. To the extent that Defendants have engaged in any communications that have been published about Plaintiff, the injuries complained of in the Complaint, if any, were not the result of willful, malicious, deliberate, or reckless misconduct on the part of Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide notice pursuant to *Fla. Stat.* §770.01 regarding the statements alleged to have been made by Defendants, as required under Florida law, prior to commencing an action for defamation, thus failing to complete a condition precedent to the maintenance of this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands and is therefore barred from pursuing this action..

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims are barred, and the Defendant is immune from liability or prosecution under the *Noerr-Pennington* Doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Rule 11, Fed. R. Civ. P., all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend his Answer to allege additional affirmative defenses if subsequent investigation so warrants.

## REQUEST FOR JURY TRIAL

Defendant requests trial by jury on all issues so triable.

| | |
|---|---|
| /s/Wayne B. Giampietro | /s/Luke Lirot, Esq. |
| Wayne B. Giampietro | Luke Lirot |
| 123 W. Madison, Suite 1300 | Luke Charles Lirot, P.A. |
| Chicago, Illinois 60602 | 2240 Belleair Rd, Suite 190 |
| 312-236-0606 (Telephone) | Clearwater, Florida 33764 |
| 312-236-9264 (Facsimile) | 727-536-2100 (Telephone) |
| wgiampietro@wpglawyers.com | 727-536-2110 (Facsimile) |
| *Subject to Admission Pro Hac Vice* | Luke2@lirotlaw.com |

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Johnny G. DeGirolamo, Esq., 6000 S. Florida Avenue, P.O. Box 7122, Lakeland, Florida, 33807-7122 at johnd@inlawwetrust.com and Legal4@RocaLabs.com.

/s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836