UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,
    Plaintiff,

vs.                                          CASE NO. 8:14-cv-03136-EAK-MAP

SEQUENCE, INC. and
TRACY COENEN,
    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

THIS CAUSE is before the Court on Plaintiff's Motion For Remand, the Court, having considered the motion and response, determines that Plaintiff's Motion To Remand should be **GRANTED**.

## BACKGROUND

Plaintiff, Roca Labs, Inc., manufacturer of certain food additives that are marketed as weight-loss products, filed a two-count complaint against Defendants Sequence, Inc. and Tracy Coenen, to recover damages in the Circuit Court of the Thirteenth Judicial Circuit, in and for, Hillsborough County, Florida on November 17, 2014. (Doc. 2). The complaint alleges two separate counts of defamation *per se* against Sequence Inc. and Tracy Coenen. The Plaintiff alleges that both Defendants engaged in "intentional, fraudulent, malicious, and oppressive conduct" when they made defamatory statements against the Plaintiff on a blog post, accusing the Plaintiff of committing fraud and being a scam business.

On December 17, 2014, Defendants filed a Notice of Removal to remove this action to federal court on the basis of diversity jurisdiction. (Doc. 1). On December 18, 2014, Plaintiff

filed the Plaintiff's Motion For Remand. (Doc. 3). On January 05, 2015, Defendants filed the Defendants' Response to Plaintiff's Motion To Remand. (Doc. 6).

## STANDARD OF REVIEW

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). For the Court to have original jurisdiction over this claim, there must be complete diversity between the parties and an amount in controversy exceeding $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a). Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. Gilbert v. State Farm Mut. Auto. Ins. Co., 2015 WL 1477907 (M.D. Fla. 2015)(citing Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003)). However, where, as is here, the plaintiff has not pled a specific amount of damages, the removing party bears the burden of establishing that the amount in controversy exceeds the jurisdictional amount, by a preponderance of the evidence. Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; however, these deductions and extrapolations are not without bounds. Gilbert, 2015 WL1477907 *2 (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753-54 (11th Cir. 2010)). Ultimately, when the specific factual allegations underlying jurisdiction are in doubt, the removing party must support these allegations with "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d 744 at

754. Deductions combined with factual allegations supported by evidence do not amount to speculation. Id. Further, courts may use judicial "experience and common sense in determining" the amount in controversy. Roe v. Michelin North America, Inc., 613 F. 3d 1058, 1062 (11th Cir. 2010). However, because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d. 1232, 1234 (M.D. Fla. 2009).

## DISCUSSION

### A) Defendants Notice of Removal is Not Defective

Plaintiff first argues that the Defendants' Notice of Removal is defective because it requests removal in this case to the *U.S. District Court for the Southern District of Florida-Fort Lauderdale Division*, despite being filed in the U.S. District Court for the Middle District of Florida-Tampa Division. (Doc. 1). Defendants argue that this is purely a scrivener's error, this Court agrees. Local Rule 1.02(b)(4) states that the Tampa Division of the Middle District of Florida shall consist of certain counties, of which one is Hillsborough County. Local Rule 4.02(a) states that "all cases removed in this Court from the courts of the State of Florida shall be docketed and assigned, in accordance with Rule 1.03 of these rules, in the Division encompassing the county of the State in which the case was pending." Since the complaint was initially filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough, Florida, per the local rules, it is removed to this Court. As such, the rest of the argument is without merit.

### B) Defendants Have Not Met Their Burden

Plaintiff's second argument is that the Defendants have failed to meet their evidentiary burden. Plaintiff and Defendants do not dispute complete diversity between the parties; the issue is whether the amount in controversy exceeds $75,000.00.

In the Defendants' Notice of Removal, Defendants argue that the amount in controversy is satisfied based on Plaintiff's allegation that they are entitled to money damages and requests an award of monetary damages "in an amount fair and just to account for its monetary damages, interest, reasonable attorney's fees, and costs." (Doc. 2) Within the Notice, the Defendants further argue that while Plaintiff fails to set a specific dollar amount for recovery in its Complaint, the Plaintiff has been quoted as stating "that as a result of the actions of these defendants, as well as others, it 'has suffered damages in excess of $40 million.'" (Doc. 1). As such, Defendants argue that the amount in controversy exceeds $75,000.00. (Doc. 1). However, in the Plaintiff's Motion to Remand, Plaintiff asserts that the Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. (Doc. 3).

Nonetheless, Defendants maintain that remand is not warranted in their Response to Plaintiff's Motion to Remand. (Doc. 6). In support, Defendants cite to a still pending case previously filed by the Plaintiff, *Roca Labs, Inc. v. Consumer Opinion Corp., et all.*, 8:14-cv-2096 (US District Court, Middle District of Florida, Tampa Division). The Defendants claim that in the cited case, the Plaintiff "alleges defendants [in that case] have been guilty of defamation, as well as other torts…As a result of those claimed defamatory statements, Roca alleges that it is entitled to injunctive relief, as well as 'an amount fair and just to account for its money damages, in excess of one million dollars ($1,000,000), interest, reasonable attorneys' fees and costs....'" (Doc. 6). The Defendants would like this Court to find that the complaint in *Roca Labs, Inc. v.*

*Consumer Opinion Corp., et al* is evidence that the amount in controversy in this case exceeds $75,000.00. However, this Court does not agree.

While the Defendants cite to a similar case regarding the Plaintiff, the Defendants fail to show how the two cases are factually similar. The Defendants only note that in both cases the Plaintiff brings forth defamation claims. The Defendants do not show how the defamation claims are similar. Further, in *Roca Labs, Inc. v. Consumer Opinion Corp., et al.*, the Plaintiff brings forth a total of twelve causes of actions, including two deceptive and unfair trade practice claims, four tortious interference claims, and four defamation claims. In the case before this Court, the Plaintiff only alleges two counts of defamation. Clearly the facts of the two cases are different. To have this Court conclude that the amount in controversy in this case exceeds the $75,000.00 for the sole basis that the Plaintiff sought monetary damages in excess of one million dollars in a separate legal action, would be an unreasonable inference and pure speculation. Pretka, 608 F.3d 744 at 754.

Lastly, Defendants claim that examining the cause of action for defamation will demonstrate, on its own, that Plaintiff is certain to claim damages in excess of $75,000.00 because of the punitive damages that Plaintiff has claimed.  (Doc. 6). When determining the jurisdiction amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered. See Holly Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). Under Florida law, when a plaintiff makes a claim for defamation *per se*, "liability itself creates a conclusive legal presumption of loss of damage." Lawnwood Med. Ctr., Inc. v. Sadow, 43 So. 3d 710, 729 (Fla. 4th DCA 2010). Indeed, punitive damages may be the primary relief in a cause of action for defamation *per se*. Id. at 727. However, this Court is unable to clearly say that the value of punitive damages in this

case would be in an amount large enough to increase the amount in controversy above the jurisdictional threshold. The Defendants have failed to provide any case law that is factually similar to this case and that have awarded punitive damages. As such, Defendants' argument regarding Plaintiff's damages associated with punitive damages is too nebulous to meet the Defendants' evidentiary burden.

Defendants' Notice of Removal and Response to Plaintiff's Motion to Remand fail to establish that the amount in controversy exceeds the $75,000.00 jurisdictional requirement. Therefore, this Court lacks subject matter jurisdiction and remands this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for, Hillsborough County, Florida.

Accordingly, it is **ORDERED**

1. Plaintiff's Motion to Remand is **GRANTED.**

2. The Clerk is further directed to Remand this case to the proper state court, to terminate all pending motions and deadlines, and to close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 17th day of April, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record